IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ASHLEY BROCK FARMER**                                                      **PLAINTIFF**

VS.                                               CAUSE NO. 4:22cv011-DMB-JMV

**CITY OF GREENWOOD, MISSISSIPPI, d/b/a**
**GREENWOOD CONVENTION AND VISITORS BUREAU**      **DEFENDANT**

                                                                  **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages and injunctive relief for race discrimination. The following facts support the action:

1.

Plaintiff ASHLEY BROCK FARMER is an adult resident citizen of 401 Grand Boulevard, Greenwood, Mississippi 38930.

2.

Defendant CITY OF GREENWOOD, MISSISSIPPI, is a local political subdivision of the State of Mississippi and performs some of its functions through the name Greenwood Convention and Visitors Bureau. Defendant may be served with process by service upon its mayor, Carolyn McAdams, at 101 West Church Street, Greenwood, Mississippi 38930, and service upon the Chairman of its Board of Directors of the Greenwood Convention and Visitors Bureau, Andrew McQueen, at 200 Highway 7, Greenwood, Mississippi 38930.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, to redress a claim for damages under 42 U.S.C. § 1981. When a right to sue letter is received with respect to the EEOC charge, attached hereto as Exhibit "A," Plaintiff requests this Complaint be amended to sue under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

4.

Plaintiff has been employed by Defendant for four (4) years. Plaintiff has extensive experience in the hospitality business, and the business of promoting Greenwood, Mississippi's restaurants and hotels. Defendant is funded by a one percent (1%) tax on all sales at restaurants and hotels, and the mission of Defendant is to promote the restaurants and hotels of Greenwood, Mississippi.

5.

Plaintiff effectively served as interim director when the former director left the employment of Defendant approximately four and a half (4 ½) months prior to the filing of this Complaint.

6.

Plaintiff was the natural candidate for the position of director, since she had had four (4) years' experience as being the second person in charge, and since Plaintiff had actually functioned as interim director, although not given that official title, for approximately six (6) months.

7.

The majority of the members of the Board of Directors, however, are black. The majority members, influenced by certain ex officio members, wanted only a black person to hold the position.

The members were determined that a black person would have the position, as manifested by several statements by members, including statements that since the City of Greenwood is predominantly black, then the director should be black; and stating, falsely, that Plaintiff had not promoted the interests of black businesses.

8.

Defendant ultimately offered the position to a person who had no experience whatsoever in the hospitality business, and whose relevant qualification is being black. This person is not a resident of Greenwood, and he lacks knowledge of Greenwood's businesses and its attraction for potential businesses. The hiring was made on pure racial lines, with the majority of the black members voting for the black director and the minority white members wanting to hire Plaintiff as the logical candidate.

9.

On December 13, 2021, Defendant's Board of Directors reduced Plaintiff's pay by a little more than $10,000.00, in an apparent effort to make Plaintiff quit.

10.

Race is the reason why Plaintiff was not hired as director, and race is the reason her pay was decreased. The new black director, who was hired for the job Plaintiff should have received, has admitted that he cannot perform the job without Plaintiff. Furthermore, the director has admitted that several of the board members solicited him to take the job.

11.

Race is the reason why Plaintiff was not hired as director.

12.

Plaintiff has suffered and will suffer lost income and mental anxiety and stress as a result of Defendant's failure to promote her to the position of director of Defendant.

11.

Plaintiff is entitled to an order instating her to the position of director and to actual damages.

### REQUEST FOR RELIEF

Plaintiff requests actual damages in an amount to be determined by a jury, and reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 13th day of January, 2022.

                        ASHLEY BROCK FARMER, Plaintiff

                By:    */s/ Jim Waide*
                        Jim Waide, MS Bar No. 6857
                        waide@waidelaw.com
                        WAIDE & ASSOCIATES, P.A.
                        332 North Spring Street
                        Tupelo, MS 38804-3955
                        Post Office Box 1357
                        Tupelo, MS 38802-1357
                        (662) 842-7324 / Telephone
                        (662) 842-8056 / Facsimile

                        ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF Leflore

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named ASHLEY BROCK FARMER, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_Ashley Brock Farmer_
ASHLEY BROCK FARMER

GIVEN under my hand and official seal of office on this the 20th day of December, 2021.

(SEAL)

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 119897
KAITLYN HALEY
Commission Expires
April 18, 2025
MONTGOMERY COUNTY

_Kaitlyn Haley_
NOTARY PUBLIC

My Commission Expires: 4·18·25