IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ASHLEY BROCK FARMER**                                          **PLAINTIFF**

**V.**                                   **NO. 4:22cv011-DMB-JMV**

**CITY OF GREENWOOD, MISSISSIPPI,**
**d/b/a GREENWOOD CONVENTION AND**
**VISITORS BUREAU**                         **DEFENDANT**

## ORDER

Before the court is the motion of Defendant, City of Greenwood, Mississippi, ("Defendant City") to stay discovery. [42, 43]. Plaintiff opposes the motion. [45, 46]. For the following reasons, the motion is denied.

### I.  Procedural Background

On May 19, 2022, the Defendant City filed a motion for judgment on the pleading, arguing that the operative complaint in essence is asking a federal court "to compel the City, an entity created by the Mississippi Legislature, to appoint [the Plaintiff] director of an entity given employment/contracting/jural authority to the exclusion of the City" which triggers municipal immunity under 42 U.S.C. § 1983.[1] Def.'s Br. at 2. [40]. The next day, the Defendant City filed the instant pending motion to stay until the district court has resolved the pending motion for judgment on the pleading. [42].

The Plaintiff filed a response in opposition to the motions to stay and for judgment on the pleadings, respectively. [45, 46, 47, 48]. As such, the instant motion is ripe for review.

---

[1] *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**II.     Law and Analysis**

Under L. U. Civ. R. 16(b)(3)(B),

> [f]iling a motion to compel arbitration, or a motion asserting an immunity defense. . . stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

The Defendant City relies on R. 16(b)(3)(B) for the basis of the instant motion. Def.'s Mot. at 1. [42]. Specifically, the Defendant City argues in its Motion for judgment on the pleadings that the Plaintiff is asking "a federal court to compel the [Defendant] City, an entity created by the Mississippi Legislature, to appoint her director of an entity given employment/contracting/jural authority to the exclusion of the City. The defendant asserts that this triggers the City of Greenwood's municipal immunity" under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Def.'s Br. at 2. [43].

Though not in response to the instant motion, the Plaintiff concedes that the Defendant City "cannot be held liable under 42 U.S.C. § 1981 or 42 U.S.C. § 1983" in her opposition to the motion for judgment on the pleadings. Pl. Br. in Opp'n at 9. [48].[2] Given the Plaintiff's concession, there is no basis in an immunity defense for a stay of this case. As to the Plaintiff's remaining Title VII claim, the court also finds that there is no right to stay of discovery under Title VII. Under the Local Uniform Rules, only "a motion to compel arbitration, or a motion asserting an immunity defense or a jurisdictional defense" are the bases for a stay. L. U. Civ. R. 16(b)(3)(B).

---

[2] "Since *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), does not permit a vicarious liability or respondeat superior liability, Farmer admits that her claims for employment discrimination, in violation of the Fourteenth Amendment and 42 U.S.C. § 1981, which are brought under 42 U.S.C. § 1983, cannot be a basis for liability of the City of Greenwood." Pl. Br. in Opp'n at 9. [48].

As such, the Defendant City's motion for a stay [42] is **DENIED**.

**SO ORDERED** this, the 17th day of June, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**