IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ASHLEY BROCK FARMER**                                                          **PLAINTIFF**

V.                                                                  **NO. 4:22-CV-11-DMB-JMV**

**GREENWOOD TOURISM
COMMISSION, d/b/a Greenwood
Convention and Visitors Bureau;
and CITY OF GREENWOOD,
MISSISSIPPI**                                                **DEFENDANTS**

## OPINION AND ORDER

The City of Greenwood moves for judgment on the pleadings on Ashley Brock Farmer's race discrimination and retaliation claims, arguing that it is not her employer and that she otherwise fails to state a claim against it. The City also seeks summary judgment on the same claims based on similar arguments. Because Farmer concedes that she has not stated a claim under the Fourteenth Amendment or 42 U.S.C. § 1981, and because the Court concludes the City is not Farmer's employer under Title VII, judgment on the pleadings will be granted and the motion for summary judgment will be denied as moot.

**I
Procedural History**

On January 13, 2022, Ashley Brock Farmer filed a complaint in the United States District Court for the Northern District of Mississippi against the City of Greenwood, Mississippi, alleging race discrimination in her employment with the Greenwood Convention and Visitors Bureau. Doc. #1. Farmer received leave to amend her complaint on three separate occasions. Docs. #13, #29, #76. The third amended complaint filed on September 16, 2022, names as defendants "Greenwood Tourism Commission, d/b/a/ Greenwood Convention and Visitors

Bureau," and City of Greenwood, Mississippi. Doc. #77. Farmer asserts claims under 42 U.S.C. § 1981, the Equal Protection Clause of the Fourteenth Amendment, and Title VII based on the defendants' alleged failure to hire her as the director of the Commission and based on reduction of her salary "in an apparent effort to make [her] quit." *Id.* at 3, 4. She also asserts a retaliation claim based on her failure to be considered for the director position after the individual hired resigned. *Id.* at 4.

Four days after the third amended complaint was filed, the City filed (1) an answer to the third amended complaint, Doc. #93, and (2) a motion for judgment on the pleadings, Doc. #94. The motion is fully briefed. Docs. #95, #101, #106.

Following discovery, the City filed a motion for summary judgment. Doc. #118. The summary judgment motion is also fully briefed. Docs. #119, #128, #129.

## II
## Motion for Judgment on the Pleadings

### A. Standard

In analyzing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), courts apply "the same standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Laviage v. Fite*, 47 F.4th 402, 405 (5th Cir. 2022). "To survive a Rule 12(c) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020).

### B. Factual Allegations

The City of Greenwood is "a political subdivision of the State of Mississippi." Doc. #77 at 1. Through Senate Bill No. 3079, the Mississippi Legislature created the Greenwood Tourism

Commission to "study and advise the executive branch [of the City] in the areas of promoting conventions and tourism." Doc. #77-1 at 2.[1] The Commission "is either a separate legal entity or a political subdivision" of the City and is described under Senate Bill No. 3079 as "a part of the executive branch of the municipal government of the City of Greenwood." Doc. #77 at 1.

Ashley Brock Farmer "has been employed by [the City and the Commission] for approximately four (4) years." *Id.* at 2. She "has extensive experience in the hospitality business, and the business of promoting [the] City of Greenwood, Mississippi's restaurants and hotels." *Id.*

When the former director of the Commission left his employment, Farmer, who is white, "was the natural candidate for the position of director … since she had four (4) years' experience as being the second person in charge, and since [she] had actually functioned as interim director, although not given that official title, for approximately four and one-half (4 ½) months." *Id.* at 2–3, 4. "The majority of the members of the Board of Directors of [the] Commission are black" and "wanted only a black person to hold the position." *Id.* at 3. The "[d]efendants ultimately offered the position to a black person who had no experience whatsoever in the hospitality business," was "not a resident of Greenwood, and … lack[ed] knowledge of Greenwood's businesses and its attraction for potential businesses." *Id.*

"On December 13, 2021, [the] Commission's Board of Directors reduced [Farmer's] pay by a little more than $10,000.00, in an apparent effort to make [her] quit." *Id.* A week later, Farmer filed a charge of discrimination against the City with the Equal Employment Opportunity Commission ("EEOC"), alleging that both the failure to hire her as the Commission director and the pay reduction were based on her race. Doc. #77-2. The EEOC issued a "Dismissal and

---

[1] The Court may properly consider "documents attached to the complaint" when addressing a Rule 12(c) motion. *Keys v. Safeway Ins. Co.*, 556 F. Supp. 2d 586, 588 (S.D. Miss. 2008) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 (5th Cir. 2002)).

Notice of Rights" letter on March 25, 2022.[2] Doc. #77-3.

> The new executive director only lasted around four (4) months and put in his resignation effective April 14, 2022. At the April 9, 2022, commission meeting, [Farmer] brought several statements signed by local business owners and managers supporting her to be the next director[.] … The commission would not even consider the statements. Instead, it was indicated to [Farmer] that she would not even be considered for the interim director position while the board seeks a new director.

Doc. #77 at 4; *see* Doc. #77-4 (statements from businesses).

Farmer filed a second EEOC charge against the City on May 3, 2022, alleging race discrimination and retaliation. Doc. #77-5. The EEOC issued a "Notice of Right to Sue within 90 Days" letter on September 9, 2022. Doc. #77-6.

### C. Analysis

In seeking judgment on the pleadings, the City argues that "it is not the proper Defendant, and [Farmer] has failed to state a claim against it." Doc. #95 at 1. As to the proper party, the City submits that because "the state legislation which created the [Commission] has unambiguously given it the power to 'sue and be sued' in its own name," only the Commission is a proper defendant. *Id.* at 6. As to the sufficiency of her third amended complaint, the City argues Farmer's § 1981 and Fourteenth Amendment claims—which are brought pursuant to § 1983—should be dismissed because (1) she "fails to identify a City of Greenwood policy maker;" (2) "while she alleges that her adverse employment action was a policy decision … she entirely fails to identify what that policy was or how the City was involved in that decision" and does not allege any facts indicating that the City—as opposed to the Commission—was involved in any of the challenged decisions; and (3) "because she does not make any *factual* allegations about any actions taken by the City …, she cannot show that the *City of Greenwood's* policy was

---

[2] The notice states the "EEOC [was] closing th[e] charge because Charging Party filed in federal court." Doc. #77-3.

the moving force behind either her failure to be hired the first time or the second time." *Id.* at 9–12 (internal quotation marks omitted). Finally, the City argues Farmer's Title VII claims fail because it is not her employer under the applicable definition. *Id.* at 13.

In response, Farmer concedes that her "42 U.S.C. § 1983 claims against [the] City under 42 U.S.C. § 1981 and under the Fourth Amendment should be dismissed." Doc. #101 at 8. But with respect to her Title VII claims, she argues that because the Commission was "created to carry out the City of Greenwood's function of attracting tourists," it is an agent of the City and the City "is liable under a *respondeat superior* liability basis for the discriminatory hiring decisions of its agent." Doc. #101 at 4–5. According to Farmer, interpreting the definition of an employer under Title VII to include the City "furthers the … purpose of ending employment discrimination." *Id.* at 7.

The City replies that Mississippi considers the Commission a separate legal entity; because all of Farmer's allegations are directed at the Commission rather than the City, there are no facts that "show[] any agency by the City;" and "the Fifth Circuit has held on numerous occasions that [the 'single employer' or 'joint employer'] theories do not apply to governmental entities." Doc. #106 at 4, 9, 13–14.

### 1. § 1981 and Fourteenth Amendment Claims

Farmer's response to the City's motion states that "[s]ince *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), does not permit a vicarious liability or *respondeat superior* liability, [she] admits that her claims for employment discrimination, in violation of the Fourteenth Amendment and 42 U.S.C. § 1981, which are brought under 42 U.S.C. § 1983, cannot be a basis for liability of the City of Greenwood." Doc. #101 at 8. Based on Farmer's concession, the City's motion will be granted with respect to these claims.

5

### 2. Title VII Claims

With respect to Farmer's Title VII claims, the relevant question is whether the City is her employer for purposes of that statute. "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person …." 42 U.S.C. § 2000e(b). "Person," as used in this definition, "includes one or more individuals, governments, governmental agencies, political subdivisions" and various other entities. 42 U.S.C. § 2000e(a).

> As stated in *Jimenez v. DynCorp Int'l, LLC*, a case cited by Farmer:
>
> Like all of Title VII's provisions, the phrase "any agent" should be accorded a liberal construction. The Supreme Court has further held that by including the term "agent" as part of the definition for "employer," Congress wanted courts to look to common law agency principles for guidance in this area.
>
> The Restatement (Second) of Agency states that an agency relationship exists if there has been a manifestation by the principal to the agent that the agent may act on his account, and consent by the agent so to act.

635 F. Supp. 2d 592, 601 (W.D. Tex. 2009) (cleaned up). In *Jimenez*, the court concluded that because the defendant "delegated to [an independent contractor and its employee] the power to hire, fire, and perform other employer functions" and the contractor's employees "participated in the decision-making process that form[ed] the basis of the alleged discrimination," the defendant could be held liable under Title VII. *Id.* at 601–02 (cleaned up).

Farmer argues that "[t]his case is different from *Jiminez* only in the sense that [the Commission] received its hiring and firing authority through a special bill in the Legislature, rather than through a contract." Doc. #101 at 5. However, the difference is critical because an agency relationship requires a manifestation *by the principal* that the agent act on its account. *Jiminez*, 635 F. Supp. 2d at 601. Nothing in Senate Bill No. 3079—"enacted by the Legislature

of the State of Mississippi"—indicates that *the City* intended the Commission to act on its behalf. *See* Doc. #77-1 (giving the Commission authority "[t]o appoint and employ individuals and to contract with and enter agreements with agencies to act for and on its behalf in performing the commission's duties, powers and responsibilities"). Because there is no indication that the City intended the Commission to act as its agent or that Farmer otherwise had an employment relationship with the City as opposed to the Commission, Farmer fails to allege that the City is her employer under Title VII. Accordingly, the City's motion for judgment on the pleadings as to Farmer's Title VII claims will be granted.

### III
### Motion for Summary Judgment

Having found judgment on the pleadings warranted as to all Farmer's claims against the City, the City's motion for summary judgment addressing the same claims will be denied as moot.

### IV
### Conclusion

The City's motion for judgment on the pleadings [94] is **GRANTED**. The City's motion for summary judgment [118] is **DENIED as moot**.

**SO ORDERED**, this 27th day of January, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

7